PECK, D. J.
Epitomized Opinion
A corporation was formed under the laws of New Jersey to develop a machine gun. The companj owned certain patents, and there had been repeatec demonstrations before army and navy experts, resulting in failure. For ten years the experiments had been conducted, until the company had borrowec $48,000.00 from a bank, secured by a mortgage or the property and patents. Four of the directors hac at various times loaned the company $40,600.00, anc at the time the last part of the loan was made the directors authorized the execution of a chattel mortgage to themselves, -second to the bank. Two-thirds of the stockholders ratified jthe action of the boarc of directors in giving the chattel mortgage. These loans were made to secure another development anc test of the machine gun, which was a failure. The board then notified the stockholders, they still believed that there was value in patents, that unless they come forward with more money it would be necessary to sell the patents and assets to pay the debts. There was no response and the property anc patents was then advertised for sale, by posting twe notices ancl notice to arms manufacturers and the mortgagees purchased subject to the bank’s first mortgage. The bank offered the property for sale and received a bid of $200.00 and refused to sell the creditor directors then paid the bank’s claim ir full, being subrogated to its lien.
These purchasers then formed a new' company te develop the gun further, and notified the old stockholders they could buy stock in the new company to which the patents had been assigned, but they die not respond. After some time one Lewis, who was not in the old company, invented an air cooling improvement on the gun, the patents on which belonged to the old company and now' belonged to the new company, which made it a great mechanical anc financial success.
The stockholders of the old company brought suit claiming that, as the mortgagees in the chattel mortgage, were directors and voted therefor; there noi being a quorum without them, the mortgage was void and could not be ratified by the stockholders; ancl as the old company’s charter had been cancelled for non-payment of tax, they were holding the property as trustees by reason of the New' Jersey statute. That they being directors and trustees, could noi purchase the property at the sale on foreclosure oi chattel mortgage; and they held the property and profits in trust for the old stockholders of the first *179 company. The defendants claimed the old company was a necessary party to this action.
Held:
1. A defunct corporation is not a necessary party in an action by stockholders, to hold directors as trustees, and for accounting, no creditor complaining.
2. It is immaterial to old stockholders that the allotment of stock in a new company is unfair, except as to evidence of interest, when the old stock is worthless.
3. A chattel mortgage is voidable when given by directors directors to themselves, when the mortgagees are necessary to constitute a quorum of the board of directors.
4. Ratification of such a mortgage by stockholders at a meeting is within the corporate business. and a proxy “to represent as fully as if personally present” authorizes a vote in ratification.
5. A chattel mortgage executed to directors may be ratified by stockholders and become binding, and a stockholder whose proxy voted for ratification is estopped to question' validity.
6. Ratification of the mortgage was ratification of usual provision therein, especially on authorizing sale thereunder.
7. Where sale is made of property of a company under chattel mortgage, where it had been unsuccessfully for ten years, and notice of sale under mortgage had been given by mail to each stockholder, leading prospective purchasers in its line, and by two posted notices, will not be set aside because of lack of publication of notice in newspaper.
8. Where stockholders who had notice of corporate insolvency, had opportunity to participate in reorganization, and invited to participate and failed to do so, are estopped by laches to question legality of. sale, the necessity of sale, etc.
9. Stockholders who wish to set aside sale must absolve themselves of laches.
10. Direct evidence of sending notice of sale under chattel mortgage will prevail over denial of receipt.
11. In such a suit burden is on stockholders to show inequity of enforcing statute of limitation. GC. 11224.
12. Laches is not mere delay, but delay which works a disadvantage to others.
13. Where one nurchase at a chattel mortgage sale, and is permitted to develop the property, this is a circumstance of estoppel.
14. Directors of a corporation are not trustees m moh a mnse as will not permit the doctrine of laches running in their behalf.
15. Directors who are also mortgagees may purchase at sale under chattel mortgage, if they exercise the good faith required.
16. The fact that the directors who purchased the patents at the chattel mortgage sale, planned to make an effort to perfect the inventions, did not render the sale fraudulent.
17. The amount of debt and not the amount of bid is the criterion that governs in determining adequate consideration.